**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 00-4183

REGINALD LAMONT REAMS,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
N. Carlton Tilley, Jr., Chief District Judge.
(CR-99-13)

Submitted: July 25, 2000

Decided: September 14, 2000

Before NIEMEYER and MOTZ, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Louis C. Allen III, Federal Public Defender, Gregory Davis, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Sandra J. Hairston,
Assistant United States Attorney, Greensboro, North Carolina, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reginald Lamont Reams appeals from his conviction and sentence for possession of crack cocaine with the intent to distribute. He raises three issues on appeal: (1) the district court erred in denying his motions for a judgment of acquittal and directed verdict because there was insufficient evidence to support the verdict; (2) the court erred in giving an Allen* charge; and (3) the court erred in applying a two-level sentencing enhancement for obstruction of justice via perjury under U.S. Sentencing Guidelines Manual§ 3C1.1 (1998).

The district court's denial of Reams' motion for judgment of acquittal is reviewed under a sufficiency of the evidence standard. See United States v. Brooks, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain the conviction, the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. See Glasser v. United States, 315 U.S. 60, 80 (1942). In making this assessment the government is entitled to all reasonable inferences from the facts established to those sought to be established. See United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).

Although Reams' attorney did an excellent job in cross-examining the Government's witnesses and bringing to light uncertainties and possible motives to testify falsely, viewed in the light most favorable to the Government, a rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. Accordingly, Reams' conviction is supported by sufficient evidence and the district court properly denied his motions for judgment of acquittal and directed verdict.

_____

*Allen v. United States, 164 U.S. 492 (1896).

Next, Reams asserts that the district court erred in giving an <u>Allen</u> charge without first inquiring as to the jury's possible confusion on one issue, and with knowledge of the numerical split of the jury. We review a district court's decision to give an <u>Allen</u> charge, as well as its contents, for abuse of discretion. <u>See United States v. Cropp</u>, 127 F.3d 354, 359 (4th Cir. 1997). For an <u>Allen</u> charge to be proper, it "must not coerce the jury, and it must be fair, neutral and balanced." <u>Id.</u> at 359-60; <u>see also United States v. Burgos</u>, 55 F.3d 933, 936 (4th Cir. 1995). This Court has repeatedly stated that "the most egregious mistake that can be made in the context of an <u>Allen</u> charge is for a district court to suggest, in any way, that jurors surrender their conscientious convictions." <u>Cropp</u>, 127 F.3d at 360 (quoting <u>Burgos</u>, 55 F.3d at 939); <u>see also Carter v. Burch</u>, 34 F.3d 257, 265 (4th Cir. 1994). Moreover, this Court has stressed that a proper <u>Allen</u> charge instructs jurors in the majority to consider the views of the minority and vice versa. <u>See Cropp</u>, 127 F.3d at 360. The challenged charge complied with these requirements.

As to Reams' contention that the court should have made inquiry into a possible confusion held by the jury, the note to which Reams refers did not request an additional explanation of the offense or the instructions relating thereto. Instead, the overall impression created by the note was not that the jury did not understand the law, but that it was currently unable to reach a unanimous verdict. Neither party objected to the court's response to this question, and Reams offers no law in support of his proposition that the court was obliged to inquire into the jury's "problem with the charge of possession with intent to distribute" prior to giving the <u>Allen</u> charge.

As to Reams' assertion that the court's knowledge of the jury's numerical split created undue coercion, we note that while a judge's knowledge of the jury split may be a factor suggesting coercion, this knowledge, standing alone, does not make the <u>Allen</u> charge coercive. <u>See United States v. Lorenzo</u>, 43 F.3d 1303, 1307 (9th Cir. 1995) (upholding <u>Allen</u> charge to 11-1 deadlocked jury).

Reviewing the overall tenor of the case and the charge itself, we find that the district court did not abuse its discretion in giving an <u>Allen</u> charge and that the contents of that charge were not coercive.

3

Finally, Reams contends that the district court erred in enhancing his sentence for obstruction of justice due to a finding that he committed perjury at trial. Whether Reams committed perjury is a factual determination made by the sentencing court which is reviewed for clear error. See United States v. Murray, 65 F.3d 1161, 1165 (4th Cir. 1995). In order to enhance a defendant's offense level for perjury following an objection on that basis, a district court must review the evidence and make independent findings necessary to establish a willful impediment to, or obstruction of, justice. See United States v. Smith, 62 F.3d 641, 647 (4th Cir. 1995) (citing United States v. Dunnigan, 507 U.S. 87 (1993)). When engaging in this review, it is preferable for the court to address, in separate findings, each individual element of perjury: (1) false testimony, (2) concerning a material matter, and (3) made with the intent to deceive. See id. However, if the court's singular finding encompasses all of these necessary factual predicates, the enhancement is sufficiently justified. See id.

Reams takes issue with the first of these elements, asserting that the mere fact that the jury chose to disbelieve his testimony and convict him does not mean that his testimony was untruthful. Because the district court's finding of falsity is not clearly erroneous, Reams' challenge is meritless.

In light of the above discussion, we affirm Reams' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4